NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KONICA MINOLTA, INC., | : | |
| | : | **Civil Action No. 15-1446 (SRC)(CLW)** |
| Plaintiff, | : | |
| v. | : | OPINION |
| ICR COMPANY d/b/a ICRCO, INC., | : | |
| Defendant. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendant ICR Company ("iCRco") to dismiss this action for lack of personal jurisdiction and/or for improper venue [Docket Entry 9]. Plaintiff Konica Minolta, Inc. ("Konica") has opposed the motion. The Court has considered the papers filed by the parties and proceeds to rule on the motions without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court grants in part and denies in part iCRco's motion to dismiss, and in its discretion will transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Central District of California.

**I.   BACKGROUND**

The Complaint alleges the following facts. This trademark action arose based on iCRco's alleged infringement of Konica's federally registered AERODR mark, Reg. No. 4,086,414. (Compl. ¶¶ 8, 21.) iCRco sells digital radiography systems for medical diagnostic use under the

1

allegedly infringing AIRDR and AIRDRC marks. (Compl. ¶ 22.)  Konica asserts that iCRco's actions relating to the marketing and sale of these products are likely to cause confusion, or to cause mistake, or to deceive customers and users as to the origin, sponsorship, or approval of iCRco's products, in violation of the Lanham Act.  (Compl. ¶ 23.)  Konica also raises federal unfair competition, New Jersey state false designation of origin, New Jersey state unfair competition, and New Jersey state common law unfair competition claims.  (Compl. ¶¶ 26-45.)

Konica is a Japanese corporation, and has its principal place of business in Tokyo, Japan. (Compl. ¶ 2.)  Konica sells products through subsidiaries and does business in the District of New Jersey.  (*Id.*)  iCRco is a California corporation, with a principal place of business in Torrance, California. (Compl. ¶ 3.)

Konica filed this action in this Court on February 25, 2015 [Docket Entry 1].  iCRco moved to dismiss the Complaint for lack of jurisdiction and for improper venue [Docket Entry 9] on June 1, 2015. The parties completed limited discovery on this jurisdictional motion.

II. DISCUSSION

A. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

As noted above, iCRco is a California corporation, and maintains its principal place of business in Torrance, California.  iCRco maintains that this Court cannot exercise personal jurisdiction over it, and moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2). Under Third Circuit law, on this motion Konica bears the burden of proof of personal jurisdiction over iCRco:

> The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction

> is proper. If the district court does not hold an evidentiary hearing, the plaintiff[s] need only establish a prima facie case of personal jurisdiction. Moreover, it is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff.

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted).

The Federal Rules of Civil Procedure provide that a district court may exercise personal jurisdiction over a non-resident defendant to the extent permitted under state law. Fed. R. Civ. P. 4(k)(1). A district court exercising diversity jurisdiction over a case must look to the forum state's long-arm statute in analyzing whether there is personal jurisdiction over a non-resident defendant. *Sunbelt Corp. v. Noble, Denton & Assocs.*, 5 F.3d 28, 31 (3d Cir. 1993). New Jersey's long-arm statute permits the exercise of personal jurisdiction "to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.2d 254, 259 (3d Cir. 1998). The Fourteenth Amendment's Due Process Clause requires that "individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). Consistent with the Due Process Clause, a court may assert personal jurisdiction so long as the defendant has "certain minimum contacts" with the forum, in this case New Jersey, such as not to "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

### i. General Jurisdiction

In conducting a minimum contacts analysis, the Court must determine if the defendant's contacts with the state are sufficient to support general or specific jurisdiction. A corporate defendant is subject to general jurisdiction in a particular forum when its "affiliations with the

State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal quotations and citations omitted). Based on the evidence before it, this Court cannot exercise general jurisdiction over iCRco.

Konica offers evidence showing that iCRco sold about $300,000 worth of goods in New Jersey between 2013 and June 30, 2015, but did not sell any AIRDR or AIRDRC-bearing products in this time period. (Mann Decl., Ex. D, at ICRCO-PJ-000106.) These non-AIRDR and AIRDRC sales comprised less than one percent of iCRco's total sales in 2013 and 2014, and in the first half of 2015 represented 0.33 percent of iCRco's total sales in that time period. (*Id.*) In addition, iCRco's sales of service contracts to end users in New Jersey from 2013 through June 2015 only totaled $6,500. (Neushul Dep. Ex. 14.) iCRco's sales in New Jersey do not appear to be central to iCRco's overall business. If this Court granted general jurisdiction on this evidence, presumably iCRco could be haled into court in any jurisdiction where it made small levels of sales. The Supreme Court has directed that such broad grants of jurisdiction do not allow out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Daimler*, 134 S. Ct. at 762 (quoting *Burger King*, 471 U.S. at 472). These sales, on their own, do not constitute continuous and systematic contacts with New Jersey, such that this Court could exercise general jurisdiction over iCRco.

Konica also asserts that iCRco submitted an application to register in New Jersey as a foreign corporation on November 8, 2010, although the application was unsuccessful as iCRco is not now registered and has never been registered in New Jersey. (Rowlett Decl., Ex. A.) The Court further notes that iCRco does not maintain business offices in New Jersey, does not employ personnel in New Jersey, does not own real property in New Jersey, does not pay taxes

4

in New Jersey, and does not maintain bank accounts in New Jersey. (Neushul Decl. ¶¶ 7-11.) iCRco does not participate in New Jersey trade shows, and also does not target its website to New Jersey residents. (Neushul Decl. ¶¶ 12-13.)

This evidence, taken on the whole, does not demonstrate the substantial and continuous contacts that would be needed to find that iCRco is at home in New Jersey. Thus, the Court finds that Konica has not established that this Court has general jurisdiction against iCRco.

### ii. Specific Jurisdiction

In the absence of general jurisdiction, *in personam* jurisdiction is dependent on the presence of specific jurisdiction over the defendant: "when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Specific jurisdiction analysis should be tied to the claims at issue in a case. *Id.* (citing *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999)). Parties who "'reach out beyond [their] state and create continuing relationships and obligations with citizens of another state' are subject to the regulations of their activity in that undertaking." *Id.* (quoting *Burger King*, 471 U.S. at 473 (quotations omitted)). The mere fact that a non-resident of the forum state has contracted with a resident of the forum state is not enough to establish personal jurisdiction, but the required contacts may be established from the terms of the contract, where the negotiations occurred, the future consequences of the contract, or the overall course of dealings between the parties. *Burger King*, 471 U.S. at 479.

Konica contends that this Court has specific personal jurisdiction over iCRco. The Third Circuit has held:

> The inquiry as to whether specific jurisdiction exists has three parts. First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice.

*O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted). The defendant need not have physically entered the forum to establish specific jurisdiction, but must have deliberately targeted the forum. *Id.* While the Third Circuit did not adopt a bright-line test on the relatedness element, the court held that this element "requires a closer and more direct causal connection than that provided by the but-for test," where the "standard is satisfied when the plaintiff's claim would not have arisen in the absence of the defendant's contacts." *See id.* at 323; *see also Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385-86 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991). If minimum contacts exist, jurisdiction is presumptively constitutional and the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 324 (quoting *Burger King*, 471 U.S. at 477).

Konica has not made out a case for specific personal jurisdiction over iCRco in NJ, given that the evidence before this Court does not show that iCRco advertised, offered for sale, or sold any AIRDR or AIRDRC products in New Jersey. 15 U.S.C. § 1114 prohibits unauthorized use of a registered trademark "in connection with the sale, offering for sale, distribution, or advertising of goods or services." iCRco has not made sales of any AIRDR or AIRDRC-bearing product in New Jersey or displayed an AIRDR or AIRDRC-bearing product in New Jersey, and Konica

6

does not dispute these facts. iCRco CEO Stephen Neushul's deposition testimony recites general facts related to the sales practices of iCRco personnel, including the existence of an Eastern Regional Manager with responsibility for New Jersey as well as other states. (Neushul Dep. 32:1-34:3.) But no evidence on this record establishes that sales managers in fact traveled to New Jersey and marketed AIRDR or AIRDRC products. Konica also brought evidence related to four dealers in New Jersey who advertise and promote iCRco products, but none of this evidence shows that these dealers advertise or promote AIRDR or AIRDRC products. (Neushul Dep. Exs. 5-8.) The prototype AIRDR tablet Thales shipped to iCRco came from France, not from Thales's New Jersey facilities. (Neushul Dep. 53:3-53:7; Dep. Ex. 4.)

    Konica also asserts that iCRco's contacts with New Jersey residents through its non-interactive website are sufficient to establish specific jurisdiction. Mail and telephone calls sent by a defendant into a forum state may count towards the minimum contacts that support jurisdiction. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 701 (3d Cir. 1990). But email, telephone calls, or mail do not trigger personal jurisdiction if they "do not show purposeful availment" of the forum state. *Toys R Us Inc v Step Two SA*, 318 F.3d 446, 455 (3d Cir. 2003) (quoting *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 556 (3d Cir. 1993)). For an interactive website, the Third Circuit has held that "[i]f a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site, then the 'purposeful availment' requirement is satisfied." *Id.* at 452. iCRco's website is accessible worldwide, and between 2013 and August 2015, less than one percent of unique visits came from visitors with New Jersey IP addresses. (Neushul Dep. Ex.

10.) Furthermore, the portion of the website specific to the AIRDR and AIRDRC products has had only four unique visitors during this timeframe, less than 0.25 percent of all visitors. (*Id.*)

This evidence does not satisfy *O'Connor*'s three-part test, as it does not show that iCRco purposefully availed itself of New Jersey as a forum, nor that that iCRco's conduct in New Jersey led to this cause of action. On the whole, this evidence is insufficient to support this Court's exercise of general or specific jurisdiction over iCRco.

### B. MOTION TO DISMISS FOR IMPROPER VENUE

iCRco also moves to dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that laying venue of this action in the District of New Jersey is improper under 28 U.S.C. § 1391. The movant has the burden of demonstrating that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982). The court generally accepts the allegations in the pleadings as true, and draws all reasonable inferences and resolves all factual conflicts in the plaintiff's favor. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012).

Section 1391(b) provides that "a civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Furthermore, the statute specifies that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed

to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . " *Id.* § 1391(c)(2).

Since this Court cannot establish personal jurisdiction over iCRco, it is not a resident of New Jersey under § 1391(b)(1). On whether this case is properly venued in this Court under § 1391(b)(2), the Third Circuit has instructed that "[i]n assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). A substantial part of the events or omissions giving rise to the claim did not occur in New Jersey, as Plaintiff has proffered no evidence that iCRco marketed or sold products bearing the allegedly infringing AIRDR and AIRDRC trademarks in New Jersey. Finally, the Court finds it highly likely that the Central District of California could establish personal jurisdiction over iCRco, given that iCRco is a California corporation with its principal place of business in Torrance, California. Therefore, § 1391(b)(3) is moot in this case, as the action may be brought in the Central District of California. For these reasons, this Court is an improper venue for this action.

### C.  TRANSFER OF CASE PURSUANT TO 28 U.S.C. § 1406

Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." By allowing a district court, in its discretion, to transfer a case rather than dismissing it, the statute aims to prevent injustice and to save the parties' time and resources where a plaintiff erroneously selects the wrong forum in which to bring an action. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). "Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district court

in which the action could originally have been brought, is the preferred remedy." *See NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998) (citing *Goldlawr*, 369 U.S. at 466).

A district court has broad discretion when it comes to deciding whether to transfer or dismiss a case for lack of personal jurisdiction and improper venue. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). While courts generally recognize that the plaintiff's choice of forum should be honored, that choice must be permissible under the requirements of § 1391. As discussed above, Konica's selection of the District of New Jersey does not meet the requirements of either §§ 1391(b)(1) or (b)(2). This Court finds that the United States District Court for the Central District of California will almost certainly have personal jurisdiction over iCRco in this matter, and further that iCRco has consented to venue in the Central District of California. (Defs.' Br. at 14.) In the interests of justice, the Court finds that transfer under § 1406(a) is appropriate in this case.

### III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part iCRco's motion to dismiss. In its discretion, the Court will transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Central District of California. An appropriate Order will be filed herewith.

  s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: December 22, 2015